UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KATHLEEN CAMPBELL | ) | CASE NO. 18-33552(1)(11) |
| | ) | |
| Debtor | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Application to Authorize Debtor-in-Possession to Retain and Employ Attorney *Nunc Pro Tunc* ("Application") filed by Debtor Kathleen Fritz Campbell ("Debtor"). In the Application, the Debtor seeks to employ McClain DeWees, PLLC ("McClain DeWees") as counsel for the Debtor. The United States Trustee ("UST") objects to the Application. For the reasons set forth below, the Court will **SUSTAIN IN PART** the UST's Objection and **GRANT IN PART** the Application.

**FINDINGS OF FACT**

On November 20, 2018, Debtor filed her Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code. Pursuant to 11 U.S.C. §§1107(a) and 1108 of the Bankruptcy Code, Debtor was continuing to generate revenue and manage her property as Debtor-in-Possession.

On March 20, 2019, Debtor filed the Application before the Court. In the Application, Debtor stated that it was in the best interest of the bankruptcy estate and its creditors for Debtor to be authorized to employ McClain DeWees. McClain DeWees also stated: (1) it has no connection with Debtor, its creditors or other parties-in-interest in the case "other than by virtue of McClain DeWees' pre-petition representation of the Debtor, Debtor's non-Debtor's spouse and Physicians

Primary Care, PLLC, an entity owned by Debtor and her non-Debtor's spouse;" (2) that it does not hold or represent any interest adverse to Debtor's estate; and (3) that it is a 'disinterested person' as defined by § 101(14) of the Bankruptcy Code.  The Application seeks approval *nunc pro tunc* to November 20, 2018, the date the Petition was filed.

The UST in its Objection noted that McClain DeWees gave no explanation as to why the Application was filed four months after the date the Petition was filed.  Furthermore, UST has the benefit of the Debtor's proposed Plan and Disclosure Statement filed by Debtor on March 20, 2019 which shows that Debtor and her non-filing spouse are co-owners of Physicians Primary Care, PLLC and that the three are co-obligors of the primary creditors in the case.  Furthermore, the Disclosure Statement and Plan provided in part for a third party release from liability based on certain obligations after certain sales of certain tracts of property for the non-filing spouse.  This provision is contained in Article VIII, ¶8.01 of the March 20, 2019 Plan.

Since the date of the filing of the Application and the UST's Objection, as well as the hearing held on the matter, the Court now has the Debtor's Second Amended Disclosure Statement and Amended Chapter 11 Plan, filed on June 10, 2019.  The Amended Plan no longer contains the third party release of the non-Debtor spouse.

## CONCLUSIONS OF LAW

McClain DeWees seeks *nunc pro tunc* approval of its employment as the Debtor's bankruptcy counsel pursuant to 11 U.S.C. §§ 327(a) and 1107.  Section 327(a) provides, in pertinent part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys that do not hold or represent an interest adverse

> to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

Section 1107(a) of the Bankruptcy Code provides as follows:

> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor-in-possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in section 1106(a)(2), (3) and (4) of this title, of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a).

Under Section 327, a debtor-in-possession or trustee's choice of counsel is subject to the evaluation and approval of the bankruptcy court. *See In re Vouzianas*, 259 F.3d 103, 107-08 (2d Cir. 2001). In exercising its approval function, however, the bankruptcy court should interfere with the debtor-in-possession's choice of counsel only in the rarest cases, such as when the proposed attorney has an actual conflict of interest, or when it is clear that the bankruptcy estate would not be served by the debtor-in-possession's choice. *In re Smith*, 507 F.3d 64, 71 (2d Cir. 2007) (internal quotation marks and text modifications omitted). This is not one of those rare cases.

Under Section 327, proposed counsel must satisfy two requirements: (1) counsel must not hold or represent an interest adverse to the estate; and (2) counsel must be disinterested. *Vouzianas, 259* F.3d at 107. The employed professional must meet both standards. *Michel v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 999 F.2d 969, 971 (6th Cir. 1993); *In re Horvath*, 2017 WL 1017727, at 12 (Bankr. N.D. Ohio 2017).

Subsection (c) of Section 327 clarifies that in a Chapter 11 case, a person is not disqualified from employment under that Section solely because of that person's employment or representation of a creditor, unless there is an objection by another creditor or the United States Trustee.

The Code does not define the term "actual conflict" but courts have generally applied a factual analysis to determine whether an actual conflict of interest exists. *In re Bullitt Utilities, Inc.*, 558 B.R. 181, 194 (Bankr. W.D. Ky. 2016). An interest adverse to the estate pursuant to Section 327(a) is the same as an actual conflict of interest pursuant to § 327(c). *See In re Midway Motor Sales*, 355 B.R. 26 (Bankr. N.D. Ohio 2006).

The Court does not find an actual conflict of interest by McClain DeWees' prior representation of the non-Debtor spouse and Physicians Primary Care, PLLC.

While the Court did find a problem with the original Plan's third party release of the non-Debtor spouse, that provision has been removed under the Amended Chapter 11 Plan filed by the Debtor on June 10, 2019. Thus, this is no longer a concern for the Court. The Court also finds no other actual conflict of interest in McClain DeWees' representation of the Debtor in this case and therefore overrules the Trustee's Objection on this basis to the Application.

Because the Application was filed four months after the filing of the Petition, McClain DeWees seeks *nunc pro tunc* approval of the Application to the date that the Petition was filed. The UST objects to *nunc pro tunc* approval of the Application because the Debtor has presented no grounds for the late filing of the Application. The Court agrees that there are no reasons set forth by McClain DeWees for *nunc pro tunc* approval of the Application. Therefore, the Court will **SUSTAIN** the UST's Objection regarding *nunc pro tunc* approval of the Application. However, the Court will approve the Application per the date of the filing of the Application, March 20, 2019.

## CONCLUSION

For all of the above reasons, the Court will enter the accompanying Order granting in part the Application to Authorize Debtor-in-Possession to Retain and Employ Attorney *Nunc Pro Tunc* and sustaining in part the Objection of the U.S. Trustee to the Application.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 2, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KATHLEEN CAMPBELL ) | CASE NO. 18-33552(1)(11) |
| ) | |
| Debtor ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Application to Authorize Debtor-in-Possession to Retain and Employ Attorney *Nunc Pro Tunc* filed by Debtor Kathleen Fritz Campbell to Employ McClain DeWees, PLLC, is **GRANTED IN PART** and the Objection of the U.S. Trustee is **SUSTAINED IN PART**.  The Court will authorize the Application of McClain DeWees to be employed to represent the Debtor Kathleen Fritz Campbell as of the date of the filing of the Application, March 20, 2019.

*/s/ Joan A. Lloyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated:  July 2, 2019